UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHERRI ROSE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00526-O |
| | § | |
| KROH EXPLORATION, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER REQUIRING SCHEDULING CONFERENCE
AND REPORT FOR CONTENTS OF SCHEDULING ORDER**

Pursuant to Fed. R. Civ. P. 16(b), Rule 26, and the Court's Civil Justice Expense and Delay Reduction Plan (the "Plan"), the Court enters this Order to promote possible early settlement of this action and to facilitate subsequent entry of a Scheduling Order. This Order is being sent to all counsel and unrepresented parties who have appeared. <u>If there are other defendants who have not appeared, but who have been in contact with the plaintiff or plaintiff's counsel, then the plaintiff's counsel (or the plaintiff if the plaintiff is unrepresented) is responsible for contacting such defendants and making every effort to ensure their meaningful participation in the conference.</u>

I.

Lead counsel for each party (or a designee attorney with appropriate authority) and any unrepresented party (except for a prisoner litigant proceeding <u>pro se</u>) shall confer (the "Scheduling Conference") as soon as practicable, but in any event no later than **July 17, 2024**, and consider (1) the nature and basis for their claims and defenses; (2) the possibilities for a prompt resolution of the case; (3) to make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1) and to prepare the report described below. It is the Court's belief that a personal face-to-face meeting is usually the most productive type of conference, but the Court will leave to the professionalism of

1

the parties a determination of the form for the Scheduling Conference. As a result of the Scheduling Conference, counsel shall prepare and submit a Report Regarding Contents of Scheduling Order ("Joint Report"). The Joint Report shall also include a status report on settlement negotiations but shall not disclose settlement figures.

## II.

The Joint Report, which shall be filed on or before **July 31, 2024**, shall include the following in separate numbered paragraphs (but NOT in a proposed Order format):

(1) A brief statement of the claims and defenses;

(2) A proposed time limit to file motions for leave to join other parties;

(3) A proposed time limit to amend the pleadings;

(4) Proposed time limits to file various types of motions, including dispositive motions (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers 120 days);

(5) A proposed time limit for initial designation of experts;

(6) A proposed time limit for responsive designation of experts;

(7) A proposed time limit for objections to experts (i.e., Daubert and similar motions);

(8) A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues;

(9) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;

(10) Proposed means for disclosure or discovery of electronically stored information

("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;

(11) Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a Court Order;

(12) A proposed trial date, estimated number of days required for trial and whether a jury has been demanded (NOTE: Generally, the proposed trial date should be approximately one year after the date the initial complaint was filed);

(13) A proposed date for further settlement negotiations;

(14) Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

(15) Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Cureton or U.S. Magistrate Judge Ray[1] (if all parties consent, please submit the attached consent form);

(16) Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;

---

[1] Due to the size of the Court's docket, the Court typically imposes stringent time limits on parties and rarely provides special trial settings, whereas the Magistrate Judge's docket allows for greater flexibility for the parties.

(17)  Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;

(18)  Whether a conference with the Court is desired; and

(19)  Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).

The filing of the Joint Report is mandatory. When submitting proposed dates to the Court, the parties should assume that the Scheduling Order will be entered by the Court within approximately one month from the date of the parties' Joint Report. All parties shall endeavor to prepare joint suggestions, but if they cannot agree, the Joint Report shall reflect their respective views. In such a case, the Joint Report shall set forth with each party's respective recommendation a statement of why agreement could not be reached. The names of any persons named in the case who did not participate in the conference shall be identified in the Joint Report.

### III.

Unless plaintiff is unrepresented, lead counsel for plaintiff is responsible for initiating contact with opposing counsel and all unrepresented parties for the purpose of arranging the Scheduling Conference and preparing the Joint Report. Lead counsel for all parties and unrepresented parties are equally responsible for seeing that this Order is complied with in a timely manner. At least one counsel for each party and all unrepresented parties shall sign the Joint Report prior to filing.

**IV.**

Because pursuant to Fed. R. Civ. P. 16(b)(2), the Court is to enter a Scheduling Order "as soon as practicable, but in any event within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared," any request for an extension of time to file the Joint Report shall be denied, absent a showing of good cause.

**V.**

Unless a scheduling conference with the Court is set, a Scheduling Order will be issued following the Court's review of the Joint Report.

**VI.**

Unless this is an action exempted by Fed. R. Civ. P. 26(a)(1)(E), or objection to disclosure is asserted at the Scheduling Conference, in good faith, as provided in Fed. R. Civ. P. 26(a)(1)(c), the parties must make the disclosures described in Fed. R. Civ. P. 26(a)(1) within fourteen days of the date set out in Paragraph I hereof.

**VII.**

<u>Miscellaneous</u>

(1)  All briefs filed with the Court shall comply with the most recent edition of *The Bluebook: A Uniform System of Citation*.  Particularly, counsel are directed to provide, where applicable, the subsections of cited statutes, and to provide pincites when citing cases, i.e., provide the page where the stated legal proposition can be found.  *See Bluebook* Rules 3.2-3.4 (Columbia Law Review Ass'n et al. eds., 20th ed. 2015) (regarding pincites and subsections).  Furthermore, if a brief contains citations to unpublished opinions or to LEXIS, counsel must attach copies of those cases to the brief.

(2)  Pursuant to Fed. R. Civ. P. 5 and local civil rule 7.1(b), certificates of service and conference shall address all parties, including co-defendants and co-plaintiffs.

(3)  Pursuant to local civil rules 7.1(I) and 56.6, all documentary and non-documentary evidence submitted in support of or opposition to a motion must be included in an appendix. Regarding the documentary evidence submitted in an appendix, this Court requires that the proponent of the appendix underline, or for large passages, bracket in the margins, the portion of each page of the appendix upon which he relies to support his position.

**SO ORDERED** on this **3rd day** of **July, 2024**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHERRI ROSE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00526-O |
| | § | |
| KROH EXPLORATION, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

**CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. § 636(c), the parties to the above captioned civil matter hereby waive their right to proceed before a United States District Judge and consent to have a United States Magistrate Judge conduct any and all further proceedings in the above styled case (including the trial) and order entry of a final judgment.

**Party or Counsel of Record (please designate)**        **Date**

_____        _____

_____        _____

_____        _____

**NOTE:** Return this form to the District Clerk only if it has been executed by all parties to the case other than those in default. Upon doing so, you must also file a "Notice of Consent" on the docket in this case.

7

## ORDER OF REASSIGNMENT

**IT IS HEREBY ORDERED** that the above captioned matter be reassigned to the United States Magistrate Judge Cureton or Judge Ray for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and the foregoing consent of the parties.

**DATED:** _____          _____
                                        **UNITED STATES DISTRICT JUDGE**

### TRIALS BY THE UNITED STATES MAGISTRATE JUDGE

28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b) provide that upon the consent of all parties in a civil case, the district judge may enter an order reassigning the civil case to a magistrate judge. Miscellaneous Order # 6 of the Northern District of Texas provides that it is the plaintiff's obligation to attach a copy of this notice to the complaint and summons, when served.

### NOTICE OF RIGHT TO CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

You have the opportunity to consent to the exercise of civil jurisdiction over your case by a magistrate judge. If all parties involved in your case consent, the presiding district judge may enter an order of transfer and reassign your case to a magistrate judge.

Your decision to consent, or not to consent, to the reassignment of your case to a magistrate judge is entirely voluntary and without any adverse consequences if you choose not to consent. Your decision should be communicated to the clerk of the district court using the form entitled: Consent to Proceed Before a United States Magistrate Judge ("consent form"). It is preferred that all parties submit the consent form jointly, but it may be submitted individually if necessary. A district judge or magistrate judge will not be informed of any party's response to this notice unless all parties have consented to the referral of the matter to a magistrate judge.

Even if all parties consent to the exercise of civil jurisdiction by a magistrate judge, the district judge may choose not to enter an order reassigning the case to a magistrate judge. However, if the district judge does enter an order of transfer, and reassigns your case to the magistrate judge, the magistrate judge is then authorized to conduct any or all proceedings in the case, including a jury or non-jury trial, and order the entry of a final judgment. Upon entry of judgment by the magistrate judge in any case referred under 28 U.S.C. § 636(c)(1), 28 U.S.C. § 636(c)(3) provides that "an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court."